WALTER R. YATES *vs.* GENERAL MOTORS ACCEPTANCE
CORPORATION.

Suffolk. December 3, 1969. — December 24, 1969.

Present: SPALDING, CUTTER, KIRK, SPIEGEL, & QUIRICO, JJ.

*Statute,* Retroactive statute. *Sale,* Conditional sale.

G. L. c. 255B, § 20A, inserted by St. 1966, c. 284, § 3, was not to be applied retroactively, so that a buyer of a motor vehicle in default under a retail instalment sale contract executed prior to the effective date of § 20A was not entitled to recover the penalty prescribed in § 20A, subsection E, or damages for conversion under subsection E from the holder of the contract where he had repossessed the vehicle after that date and had not delivered or mailed to the buyer the written notice required by § 20A, subsection B.

TORT AND CONTRACT. Writ in the Municipal Court of the City of Boston dated February 5, 1968.

The case was heard by *Brown,* J., on demurrer.

*Norman C. Ross, II,* for the plaintiff.

*Thomas G. Jones* for the defendant.

SPALDING, J. This case presents the question of the retroactive application of a statute regulating instalment sales of motor vehicles. By St. 1958, c. 674, a new chapter (255B) entitled, Retail Instalment Sales of Motor Vehicles, was added to the General Laws. The statute was amended by St. 1966, c. 284, § 3, which inserted a new § 20A, effective November 1, 1966. We are concerned here with subsections B and E of § 20A.

Subsection B provides that "Within five days after the motor vehicle is repossessed, the holder[1] shall deliver to the buyer personally, or send to him by registered or certified mail to his last known address, a written notice

---

[1] Under c. 255B, § 1, "holder" is defined as "the retail seller of the motor vehicle under or subject to a retail instalment contract, or, if the contract is purchased by a financing agency or other assignee, the sales finance company or other assignee."

stating briefly (1) that the motor vehicle, including a general description thereof, has been repossessed; (2) the buyer's right to redeem and the amount payable therefor; (3) the buyer's rights as to a resale and his liability for a deficiency; and (4) the exact address where any payment is to be made or notice delivered."

Subsection E of § 20A reads: "Repossession without complying with the requirements of subsection B shall subject the holder to a penalty to the buyer of an amount equal to fifty per cent of the fair market value of the collateral at time of repossession and in addition the buyer may sue the holder for conversion of the collateral."

Based on an alleged failure to send the notice required by subsection B, the plaintiff brought an action to recover the penalty and damages provided by subsection E. The declaration is in two counts. Allegations common to both counts are these: The defendant is the holder of a conditional sale contract for the purchase of a 1966 Pontiac. The contract was executed on November 16, 1965. On December 4, 1967, the defendant repossessed the automobile, which was parked in front of the plaintiff's house. At no time thereafter did the defendant either deliver or mail to the plaintiff the written notice required by subsection B of § 20A.

In the first count the plaintiff seeks to recover the penalty "equal to fifty per cent of the fair market value" of the automobile. The second count differs from the first only in that it is for the conversion of the automobile, the additional remedy afforded by subsection E. The defendant demurred to the declaration and the demurrer was sustained. On report to the Appellate Division the report was dismissed. The plaintiff appealed.

The issue raised by the demurrer is whether subsections B and E of § 20A are applicable where, as here, the conditional sale contract was made prior to the date when § 20A became effective. As noted above, the contract was made on November 16, 1965. Section 20A became effective on November 1, 1966, slightly less than a year later.

The rule concerning the retroactivity of statutes was clearly and ably stated by Chief Justice Rugg in the leading case of *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 3: "The general rule of interpretation is that all statutes are prospective in their operation, unless an intention that they shall be retrospective appears by necessary implication from their words, context or objects when considered in the light of the subject matter, the preëxisting state of the law and the effect upon existent rights, remedies and obligations. Doubtless all legislation commonly looks to the future, not to the past, and has no retroactive effect unless such effect manifestly is required by unequivocal terms. It is only statutes regulating practice, procedure and evidence, in short, those relating to remedies and not affecting substantive rights, that commonly are treated as operating retroactively, and as applying to pending actions or causes of action." Numerous cases are collected in the *Hanscom* case denying the retroactive application of statutes. Further citation of authorities is unnecessary.

Applying the principles set forth in the *Hanscom* case, we are of opinion that § 20A may not be applied retroactively to this contract. Section 20A is not procedural but affects substantive rights. The statute would impose an obligation on the defendant and confer a right on the plaintiff which neither bargained for in their agreement, and thus substantially would alter their relationship. Upon the defendant's failure to give the statutory notice, the plaintiff would gain a right to a penalty and damages which did not exist when the contract was made. In view of our conclusion that § 20A is to be interpreted as operating only prospectively, we need not discuss the plaintiff's contention that the Legislature might consistently with the Constitution pass a statute modifying substantive rights under an existing contract. The demurrer was rightly sustained.

*Order dismissing report affirmed.*