UNITED STATES of America,
Appellant,

v.

Larry Craig RICHARDSON.

No. 74–1985.

United States Court of Appeals,
Third Circuit.

Argued Feb. 6, 1975.

Decided Feb. 27, 1975.

Richard L. Thornburgh, U. S. Atty., David M. Curry, Asst. U. S. Atty., Pittsburgh, Pa., for appellant.

Samuel A. Vitaro, Pittsburgh, Pa., for appellee.

Before ADAMS, ROSENN and WEIS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Larry Craig Richardson celebrated his eighteenth birthday on September 7, 1968, and under the Selective Service Act of 1967, 50 U.S.C. App. § 453 (1970), as amended, 50 U.S.C. App. § 453 (Supp. I, 1971), was required to register with the Selective Service System within five days of that date. He failed to register until April 30, 1973.

On March 7, 1974, Richardson was indicted for failure to register timely for the draft. The district court dismissed the indictment on September 3, 1974, on the ground that the statute of limitations had run. We affirm on the basis of Judge McCune's well-reasoned opinion.

Until September 28, 1971, the applicable statute of limitations for draft offenses, 18 U.S.C. § 3282, provided that an indictment must be found within five years after the offense had been com-

mitted. In Toussie v. United States, 397 U.S. 112, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970), the Court held that the offense of failing to register for the draft was complete "when dawn breaks on the unregistered male, six days after his 18th birthday," *id.* at 133, 90 S.Ct. at 869 (White, J., dissenting), and that the statute of limitations began to run at that time.

Congress, disturbed by the decision in *Toussie,* responded on September 28, 1971, with a new statute of limitations, 50 U.S.C. App. § 462(d) (Supp. I, 1971), which provides:

No person shall be prosecuted, tried, or punished for evading, neglecting, or refusing to perform the duty of registering imposed by [section 453] unless the indictment is found within five years next after the last day before such person attains the age of twenty-six, or within five years next after the last day before such person does perform his duty to register, whichever shall first occur.

The indictment of Richardson is time-barred by 18 U.S.C. § 3282 as interpreted in *Toussie*; the indictment is not time-barred by 50 U.S.C. App. § 462(d). The question remains which statute applies to the instant situation in which the offense was committed before, but the indictment was found after, the enactment of section 462(d).

 The question is one of ascertaining congressional intent. Congress, of course, has the power to extend the period of limitations without running afoul of the ex post facto clause, provided the period has not already run. Falter v. United States, 23 F.2d 420, 425–26 (2d Cir. 1928). Criminal statutes of limitations, however, are to be interpreted in favor of repose. Toussie v. United States, 397 U.S. at 115, 90 S.Ct. 858. Moreover, a law is presumed to operate prospectively in the absence of a clear expression to the contrary. Hassett v. Welch, 303 U.S. 303, 314, 58 S.Ct. 559, 82 L.Ed. 858 (1938). Therefore, we must

decline to hold that Congress in fact has exercised its power to extend the limitations period in the instant case, unless we discern a clear intention on the part of Congress that section 462(d) should apply to offenses committed before September 28, 1971.

The language of section 462(d) is silent on this point. Although the legislative history of the statute [1] indicates that Congress wished to overcome the decision in *Toussie,* it does not indicate, contrary to the Government's contention, whether the new statute of limitations is to apply to offenses occurring before the statute's enactment. We therefore hold that section 462(d) applies only to offenses committed after September 28, 1971.

Since Richardson's offense is governed by section 3282, his indictment was time-barred, and properly was dismissed. The judgment of the district court will be affirmed.

---

1. *See* H.R.Rep.No. 92–82, 92d Cong., 1st Sess. 17 (1971); S.Rep.No. 92–93, 92d Cong., 1st Sess. (1971), in 1971 U.S.Code Cong. & Admin. News 1455–1456; 117 Cong.Rec. 8638 (1971) (remarks of Representative Arends).