[No. F004794. Fifth Dist. Aug. 30, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
CROMER WILFORD SMITH, Defendant and Appellant.

**COUNSEL**

Allen R. Crown, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Roger E. Venturi and Anthony L. Dicce, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**THE COURT.**\*—Appellant was convicted on his nolo contendere pleas of three counts of lewd and lascivious acts upon or with the body of a child under age 14. The trial court sentenced appellant to prison for the eight-year upper base term on count XXIV, plus consecutive terms of one year, eight months on counts IX and XIV. Appellant contends 1) that the statute of limitations barred his convictions on counts IX and XIV; 2) that the trial court erred in computing his consecutive term on count IX. Respondent disputes the statute of limitations point but concedes that the consecutive sentence on count IX should be reduced to one year, four months. We will hold that neither count was barred by the statute of limitations. We will modify the judgment to correct the computational error.

██ Preliminarily, we note a procedural barrier to appellant's first claim. Penal Code section 1237.5 provides: "No appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where:

"(a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; and

"(b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk."

Appellant neither sought nor procured a probable cause certificate from the trial court. Relying on *People* v. *Chadd* (1981) 28 Cal.3d 739 [170 Cal.Rptr. 798, 621 P.2d 837], in response to our request for supplemental briefing on this issue, he asserts that no probable cause certificate is re-

---

\*Before Franson, Acting P. J., Martin, J., and Best, J.

quired. In *Chadd,* our Supreme Court stated that even if based on a guilty plea, a conviction is subject to collateral or direct attack if the charge was barred by the statute of limitations. (*Id.,* at p. 757.) The court reasoned that the statute of limitations is jurisdictional and the lack of jurisdiction may be raised for the first time on appeal. (*Ibid.*)

That the statute of limitations is jurisdictional does not mean that the issue may be raised on appeal *without compliance with Penal Code section 1237.5.* After all, among the grounds for which that section requires a probable cause certificate are "jurisdictional . . . grounds . . . going to the legality of the proceedings." That the probable cause certificate requirement applies to statute of limitations contentions raised on appeal is implicit in *People* v. *Padfield* (1982) 136 Cal.App.3d 218, 224, footnote 5, 227, footnote 7 [185 Cal.Rptr. 903]. In *People* v. *Jerome* (1984) 160 Cal.App.3d 1087, 1095 [207 Cal.Rptr. 199], the court held that the defendant's failure to procure a probable cause certificate barred another jurisdictional contention, i.e., that the crime to which he pled guilty was legally impossible to commit. Based on the plain language of Penal Code section 1237.5 and on the above authorities, we hold that appellant's statute of limitations contention is not cognizable on this appeal.

Anticipating this result, appellant invites us to treat his contention as a petition for writ of habeas corpus. Were we inclined to do so and thus to reach the merits, we would rule against appellant.

According to the allegations of the amended information filed June 8, 1984, count IX occurred "on or about the summer of 1978" and count XIV occurred "on or about and between May, 1979, and June, 1979." In 1978 and 1979, Penal Code section 800 required that an information charging a violation of Penal Code section 288 be filed within three years after commission of the crime. Effective January 1, 1981, the period was extended to five years after commission of the crime. Effective January 1, 1982, the period was extended to six years after commission of the crime.

■ If an applicable statute of limitations has run before the adoption of an amendment which extends the time, the increased limitation may not be applied to allow prosecution of the offense. (*Sobiek* v. *Superior Court* (1972) 28 Cal.App.3d 846, 849 [106 Cal.Rptr. 516].) However, an amendment which extends a still operative period of limitations does not constitute an ex post facto law. (*People* v. *Swinney* (1975) 46 Cal.App.3d 332, 340 [120 Cal.Rptr. 148]; Witkin, Cal. Crimes (1983 supp.) § 236, p. 223; see 2 Witkin, Cal. Procedure (2d ed. 1970) § 242, pp. 1098-1099.)

Count XIV of the amended information alleged and appellant pled nolo contendere to an offense "on or about and between May 1979 and June

1979." A review of the pleadings discloses that count XIV was the successor to count XVI in the original information filed April 20, 1984. ■ It is settled that if the original information is filed within the applicable limitations period, it may be amended after the period expires, so long as it does not charge a different offense. (*In re Davis* (1936) 13 Cal.App.2d 109, 112 [56 P.2d 302].) Thus, count XIV met the first extended deadline of "between May 1984 and June 1984." We conclude that count XIV was not barred by the statute of limitations.

■ Count IX of the amended information alleged that appellant pled nolo contendere to an offense "on or about the summer of 1978." The original three-year statute of limitations would have expired "on or about the summer of 1981." However, effective January 1, 1981, the statute of limitations was extended to five years. Since the statute of limitations had not yet run, the new prosecution deadline became "on or about the summer of 1983." Effective January 1, 1982, the statute of limitations was extended to six years. Since the statute of limitations had not yet run, as of January 1, 1982, the new deadline was extended further to "on or about the summer of 1984." Count IX was the successor to count X in the original information filed April 20, 1984. We take judicial notice (Evid. Code, §§ 451, subd. (f), 459) that summer is defined as "1. the warmest season of the year, in the North Temperate Zone generally regarded as including the months of June, July, and August: in the astronomical year, that period between the summer solstice and the autumnal equinox . . ." (Webster's New World Dict. (2d college ed. 1982) p. 1426). Summer solstice is "the time during the summer when the sun is farthest from the equator: June 21 or 22 in the Northern Hemisphere." (*Ibid.*) This being the case, count IX was timely filed.

■ While we have found no case involving a double extension of the statute of limitations, we see no reason in logic why the established rule should not apply to permit such an extension. When the first amendment takes effect, the original deadline ceases to exist as to claims not yet barred and a new deadline emerges. If the first extension does not violate the ex post facto bar, neither does the second, as long as it takes effect before the operative period expires.

Appellant attacks the double extension theory on three bases, none of which we find persuasive. First, appellant argues that, assuming the first extension was not "shocking" or unconstitutional, "at some point enough is enough and . . . extensions cannot be given indefinitely." Whether the statute of limitations can be extended indefinitely is an issue we need not face. The instant case involves only two extensions which added a total of three years to the limitations period for Penal Code section 288. Beyond

this, however, we note that certain offenses, such as murder, have no statute of limitations whatever. (Pen. Code, § 799.) Since the Legislature presumably could have freed the offense of felony child molestation from any statute of limitations without violating the United States or California Constitution, a fortiori it constitutionally could provide for successive extensions of finite periods.

■ In a given case, delayed prosecution within the applicable statute of limitations nevertheless may offend state and/or federal speedy trial or due process protections where the delay is unreasonable and the defense is prejudiced. ■ We emphasize that neither in the trial court nor in this court has appellant suggested that the time lapse in the instant prosecution in fact prejudiced his ability to mount a defense. Whatever constitutional resonance appellant can squeeze out of the word "shocking" falls short of a reasoned argument that a double extension per se violates either due process or cruel and/or unusual punishment provisions. In short, as a reason to invalidate what happened here, "enough is enough" is not enough.

■ Second, relying exclusively on foreign cases not involving double extensions, appellant suggests that the Legislature did not intend a second extension when it twice amended Penal Code section 800 to stretch the limitations period. In *People* v. *Sample* (1984) 161 Cal.App.3d 1053 [208 Cal.Rptr. 318], the court held that the tolling provisions of Penal Code section 802.5 added in 1981 applied to felonies committed before that enactment. The court addressed: ". . . the further argument that section 802.5 may not be construed to apply 'retroactively' in the absence of an express legislative declaration. The argument lacks merit.

■ "Although as a general proposition penal statutes will be presumed to apply prospectively (§ 3), our highest court has declared that this basic rule of construction 'is not a straitjacket . . . [and] is to be applied only after, considering all pertinent factors, it is determined that it is impossible to ascertain the legislative intent.' (*In re Estrada* (1965) 63 Cal.2d 740, 746 [48 Cal.Rptr. 172, 408 P.2d 948].)

■ "In determining legislative intent, the courts must strive for a reasonable construction (*People* v. *Nevarez* (1982) 130 Cal.App.3d 388, 397 [181 Cal.Rptr. 691] [change in statute barring prosecutions previously dismissed]) with the knowledge that the Legislature is presumed to act in light of existing judicial decisions. (*Estate of McDill* (1975) 14 Cal.3d 831, 839 [122 Cal.Rptr. 754, 537 P.2d 874].) In view of the impressive array of established precedents approving application of extended limitations periods to crimes committed before the enactments, we believe the Legislature enacted section 802.5 and simultaneously amended section 800 with the

knowledge and purpose that the changes in the tolling provisions would apply uniformly to all felony actions not already time-barred. . . .'' (*Id.,* at p. 1058.)

By a parity of reasoning, we reject appellant's legislative intent argument here.

Finally, appellant argues that even with a second extension "If the offense as alleged in the information could have occurred prior to April 20, 1978, then the limitation period had run prior to the filing of the information on April 20, 1984." This argument turns on the asserted imprecision of the phrase "on or about the summer of 1978," which, according to appellant, is broad enough to cover periods outside any conceivably applicable limitations. Appellant has offered no reason why we should interpret the word "summer" contrary to its popular meaning. Assuming, arguendo, however, that we interpreted the subject phrase broadly to cover periods within and without the statute of limitations, by pleading nolo contendere and thus admitting all matters necessary to his conviction, appellant is deemed to have admitted commission of a crime *within* the statutory period. (Cf. *People* v. *Padfield, supra,* 136 Cal.App.3d 218 (guilty plea to information containing tolling allegations precludes factual claim that statute of limitations not tolled).) This is not a case where the charging document showed on its face that the action was barred because the offense could not have been committed within the applicable period.

For these reasons, we conclude that count IX was not barred by the statute of limitations.

We agree with the parties that the trial court erred in imposing a one-year, eight-month consecutive term on count IX, representing one-third the middle base term for a violation of Penal Code section 288 as of January 1, 1979. Applied to appellant's 1978 offense this violated the ex post facto prohibition. The appropriate term was one year, four months.

The judgment is modified to provide that appellant shall receive a consecutive term on count IX of one year, four months. The trial court shall prepare an amended abstract of judgment which reflects said modification and forward a certified copy of same to the appropriate authorities. As so modified, the judgment is affirmed.