The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Byron Keith HOLLAND,
Defendant-Appellee.

No. 84SA191.

Supreme Court of Colorado,
En Banc.

Oct. 21, 1985.

Rehearing Denied Nov. 18, 1985.

Robert A. Gallagher, Jr., Dist. Atty., Catherine P. Adkisson, Deputy Dist. Atty., Littleton, for plaintiff-appellant.

Richard D. Greene, Wade H. Gateley, Banta, Hoyt, Banta, Greene, Hannen & Everall, Englewood, for defendant-appellee.

DUBOFSKY, Justice.

The People appeal an order of the Douglas County District Court dismissing charges of sexual assault and sexual assault on a child on the ground that the prosecution was barred by the applicable statute of limitations. We reverse.

The defendant, Byron Keith Holland, was charged on February 27, 1984, with four counts of second-degree sexual assault, § 18–3–403(1)(e), 8 C.R.S. (1978), and four counts of sexual assault on a child, § 18–3–405, 8 C.R.S. All of the charges involved two victims who were under fifteen years of age at the time the offenses were committed. The complaint alleged that the offenses referred to in counts 1, 4, 5, and 8 were committed on or between May 1 and May 31, 1977; the remaining four counts were based on offenses that occurred between June 1 and August 31, 1980.

At the time the offenses allegedly were committed, a three year statute of limitations was in effect. § 16–5–401(1)(a), 8 C.R.S. (1984 Supp.).[1] The General Assembly amended this section, effective July 1, 1982, to extend the period of limitations to ten years for prosecutions under sections 18–3–403 and –405. Section 16–5–401(6), 8 C.R.S. (1984 Supp.).[2]

---

1. Section 16–5–401(1)(a) provides:

   Except as otherwise provided by statute applicable to specific offenses or circumstances, no person shall be prosecuted, tried, or punished for any offense unless the indictment, information, complaint, or action for the same is found or instituted within the period of time after the commission of the offense as specified below:

| Murder, kidnapping, treason, and forgery: | No limit |
|---|---|
| Other felonies: | Three years |
| Misdemeanors: | Eighteen months |
| Petty offenses: | Six months |

2. Section 16–5–401(6) provides:

   The period of time during which a person may be prosecuted shall be extended for an additional seven years as to any offense charged under section 18–3–402 or 18–3–403, C.R.S., when the victim at the time of the

The defendant moved to dismiss all charges on the ground that prosecution was barred by the three year statute of limitations in effect at the times the offenses alleged in the complaint occurred. The People confessed the defendant's motion as to counts 1, 4, 5, and 8, because the offenses alleged in those counts occurred on or before May 31, 1977. The People acknowledged that the defendant had a vested right not to be prosecuted because the applicable statute of limitations had run before the enactment of the amendment to section 16–5–401 on July 1, 1982.[3] As to the remaining counts, the People argued that prosecution in 1984 of offenses committed in 1980 was not time-barred because the amended statute of limitations applied. The district court ruled that the amended statute did not apply to offenses committed prior to the effective date of the statute and dismissed the remaining counts.

The district court specifically stated and Holland concedes that the legislature may extend the statute of limitations for prosecutions not already time-barred as of the effective date of the extension without violating constitutional prohibitions against ex post facto laws.[4] The overwhelming weight of authority is in accord. See, e.g., *United States v. Richardson*, 512 F.2d 105 (3d Cir.1975); *Dennis v. United States*, 302 F.2d 5 (10th Cir.1962); *Falter v. United States*, 23 F.2d 420 (2d Cir.1928); *United States v. Haug*, 21 F.R.D. 22 (N.D.Ohio 1957); *United States v. Waggener*, 138 F.Supp. 107 (D.Colo.1956); *United States*

*v. Kurzenknabe*, 136 F.Supp. 17 (D.N.J. 1955); *United States v. Ganaposki*, 72 F.Supp. 982 (M.D.Pa.1947); *People v. Eitzen*, 43 Cal.App.3d 253, 117 Cal.Rptr. 772 (1974); *People v. Pfitzmayer*, 72 Misc.2d 739, 340 N.Y.S.2d 85 (N.Y.Sup.Ct.1972); *Archer v. State*, 577 S.W.2d 244 (Tex.Crim. App.1979). Nevertheless, because of the presumptions that statutes are prospective in operation, section 2–4–202, 1B C.R.S. (1980), and that criminal statutes of limitations are to be construed liberally in favor of the accused, the district court here decided that the amendment to the statute of limitations should not be applied retroactively in the absence of clear legislative intent to authorize such application.[5] The court found no evidence that the legislature intended section 16–5–401(6) to apply to offenses committed before July 1, 1982.

■ Since the date of the district court's order, however, the General Assembly has provided persuasive evidence of the intent underlying the amendment to section 16–5–401. House Bill No. 1254 amended section 16–5–401 by the addition of section 16–5–401.1, effective July 1, 1985, which provides:

> The intent of the general assembly in enacting section 16–5–401(6) and (7) in 1982 was to create a ten-year statute of limitations as to offenses specified in said subsections committed on or after July 1, 1979.

Ch. 135, sec. 5, 1985 Colo.Sess. Laws 615, 616. While subsequent legislative declara-

---

commission of the act is a child under fifteen years of age, or under section 18–3–405, 18–6–302, 18–6–402, 18–6–403, 18–7–402, 18–7–403, 18–7–404, 18–7–405, or 18–7–406, C.R.S., or charged as criminal attempt, conspiracy, or solicitation to commit any of the acts specified in any of said sections.

3. *See People v. Shedd*, 702 P.2d 267 (Colo.1985), announced after the district court ruled here, holding that a case barred from prosecution by a statute of limitations cannot be revived by subsequent legislation that extends the limitations period.

4. Article II, section 11 of the Colorado Constitution provides, "No ex post facto law, nor law impairing the obligation of contracts, or retro-

spective in its operation, . . . shall be passed by the general assembly."

5. The district court relied on *Richardson*, 512 F.2d 105, which involved congressional extension of the statute of limitations for draft registration offenses. In determining that the amended statute applied only to offenses committed after its effective date, the federal appellate court relied on federal precedent that a criminal statute of limitation is to be interpreted in favor of repose and that a law is presumed to operate prospectively in the absence of a clear expression to the contrary. The court did not find a clear intention on the part of Congress that the statute was to apply to offenses committed before its effective date.

tions concerning the intent of an earlier statute are not controlling, they are entitled to significant weight. *NLRB v. Bell Aerospace Co.,* 416 U.S. 267, 275, 94 S.Ct. 1757, 1762, 40 L.Ed.2d 134 (1974); *Red Lion Broadcasting Co. v. FCC,* 395 U.S. 367, 380–81, 89 S.Ct. 1794, 1801, 23 L.Ed.2d 371 (1969).

We conclude that the specific and explicit indication of legislative intent in section 16–5–401.1 is sufficient to overcome the general presumptions relied on by the trial court, and that the amendment to section 16–5–401 applies to the prosecution of offenses not already time-barred as of July 1, 1982. Therefore, the statute of limitations in effect in 1984 did not bar the prosecution of the defendant for the offenses committed in 1980.

Accordingly the judgment of the district court is reversed and the case is remanded for reinstatement of the charges in counts 2, 3, 6 and 7.