The **PEOPLE** of the State of **Colorado**, Plaintiff-Appellant,

v.

Michael **MIDGLEY**, Defendant-Appellee.

No. 84SA480.

Supreme Court of Colorado,
En Banc.

March 3, 1986.

Robert L. Russell, Dist. Atty., Jeanne S. Bennett, Deputy Dist. Atty., Colorado Springs, for plaintiff-appellant.

J. Gregory Walta, Colorado Springs, for defendant-appellee.

QUINN, Chief Justice:

The People, pursuant to section 16–12–102, 8 C.R.S. (1978), appeal from a judgment dismissing prior to trial two counts of sexual assault in the second degree filed against the defendant, Michael Midgley, in the District Court of El Paso County. In dismissing the charges, the district court concluded that the prosecution of the defendant was barred by the three-year limi-

**1.** Section 18–3–403(1)(f), 8 C.R.S. (1978) states as follows:

  Any actor who knowingly inflicts sexual penetration or sexual intrusion on a victim commits sexual assault in the second degree if ...

tation period of section 16–5–401(1), 8 C.R.S. (1978). We reverse the judgment and remand the case with directions to reinstate the charges against the defendant.

On September 18, 1984, an information was filed in the District Court of El Paso County charging the defendant with two counts of sexual assault in the second degree, a class 4 felony, in violation of section 18–3–403(1)(f), 8 C.R.S. (1978).[1] The information alleged that one of the offenses was committed on or about May 29, 1980, and the other between May 1 and May 28, 1980.

On the date of the alleged commission of the offenses, section 16–5–401(1), 8 C.R.S. (1978), required a prosecution for sexual assault in the second degree to be initiated within three years following the commission of the offense. In 1982, however, prior to the filing of the charges, the legislature enacted a new statute of limitations, with an effective date of July 1, 1982, which provided that any information charging an accused with a violation of section 18–3–403(1)(f), 8 C.R.S. (1978), must be instituted within ten years following the commission of the offense. Ch. 75, sec. 1, § 18–3–411(2), 1982 Colo.Sess. Laws 313, 314. After the information was filed, the defendant moved to dismiss the charges on the basis that the three-year limitation period of section 16–5–401(1) had expired. The district court granted the motion on November 8, 1984, and this appeal followed.

In *People v. Holland,* 708 P.2d 119 (Colo.1985), we held that the legislature, without violating the constitutional prohibition against an *ex post facto* law, could extend the three-year statute of limitations applicable to various types of sexual assault and sexual assault on a child as long as the charges had not already become time-barred as of the effective date of the law extending the prior limitation period. While we acknowledged in *Holland*

  [a]t the time of the commission of the act, the victim is less than eighteen years of age and the actor is the victim's guardian or is responsible for the general supervision of the victim's welfare.

that statutes are presumed to be prospective in operation and that criminal statutes of limitation are to be construed liberally in favor of the accused, we nonetheless noted that:

> Since the date of the district court's [dismissal] order, however, the General Assembly has provided persuasive evidence of the intent underlying the amendment to section 16–5–401. House Bill No. 1254 amended section 16–5–401 by the addition of section 16–5–401.1, effective July 1, 1985, which provides:
>
>> The intent of the general assembly in enacting section 16–5–401(6) and (7) in 1982 was to create a ten-year statute of limitations as to offenses specified in said subsections committed on or after July 1, 1979.

Concluding that this subsequent legislative enactment in 1985 provided persuasive evidence that the General Assembly intended to extend the limitation period to offenses that had not yet been time-barred by the previously existing statutory period of limitation, we reversed the district court's judgment of dismissal and ordered the reinstatement of the charge.

Although in *Holland* we did not deal with the ten-year limitation period of section 18–3–411(2), 8 C.R.S. (1985 Supp.), the principle of that case controls here. In 1985 the General Assembly again amended section 18–3–411(2), 8 C.R.S. (1985 Supp.), to provide that "[t]he ten-year statute of limitations shall apply to all offenses specified in subsection (1) of this section which are alleged to have occurred on or after July 1, 1979." Ch. 135, sec. 12, § 18–3–411(2), 1985 Colo.Sess.Laws 615, 619. Included in subsection (1) of section 18–3–411 is the crime of sexual assault in the second degree "as defined in section 18–3–403(1)(f)." As in *Holland*, we are satisfied that this specific expression of legislative intent to apply the ten-year statute of limitations to offenses alleged to have occurred on or after July 1, 1979, is sufficient to overcome the presumption of prospective operation. The ten-year limitation period, therefore, applies to the charges in this case, which had not yet been time-barred

on July 1, 1982, the effective date of the ten-year limitation period.

The judgment of the district court is reversed and the case is remanded to that court for reinstatement of the charges.