COMMONWEALTH *vs.* WINTER D. BARGERON.

Hampshire.    March 11, 1988. — June 14, 1988.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Assault with Intent to Rape. Limitations, Statute of. Constitutional Law*, Ex post facto law. *Due Process of Law*, Retrospective statute. *Statute*, Construction, Retrospective statute.

Statute 1985, c. 123, which amended G. L. c. 277, § 63, by extending the period of limitations for the many crimes governed by § 63, including assault with intent to rape, from six years to ten years, effective on September 30, 1985, as applied to the defendant's indictment on March 18, 1987, charging three counts of assault with intent to rape, based on acts allegedly occurring in November, 1979, January, 1980, and April, 1980, did not violate the protections against ex post facto laws found in art. 1, § 9, of the Federal Constitution and art. 24 of the Declaration of Rights of the Massachusetts Constitution; nor did the extension of the six-year statute of limitations violate the defendant's due process rights. [590-591]

Statute 1985, c. 123, which amended G. L. c. 277, § 63, by extending the period of limitations for those crimes governed by § 63, including assault with intent to rape, from six years to ten years, effective on September 30, 1985, a date within six years of a defendant's alleged commission of criminal acts, was held to be a remedial and procedural enactment and, consequently, was applied retrospectively to an indictment on March 18, 1987, charging the defendant with three counts of assault with intent to rape based on acts allegedly occurring in November, 1979, January, 1980, and April, 1980. [591-594] LIACOS, J., dissenting, with whom HENNESSEY, C.J., & WILKINS, J., join.

INDICTMENT found and returned in the Superior Court Department on March 18, 1987.

A motion to ·dismiss was heard by *John F. Moriarty*, J., and the case was reported by him to the Appeals Court. The Supreme Judicial Court granted a request for direct review.

*William C. Newman* for the defendant.

*Howard I. Safford*, Assistant District Attorney (*Charles K. Stephenson*, Assistant District Attorney, with him) for the Commonwealth.

NOLAN, J. The defendant was indicted on March 18, 1987, on three counts of assault with intent to rape. G. L. c. 265, § 24 (1986 ed.). The indictment alleged that the offenses occurred in November, 1979 (count 1), January, 1980 (count 2), and April, 1980 (count 3). Assault with intent to rape is one of the many crimes governed by the statute of limitations set forth in G. L. c. 277, § 63 (1986 ed.). On the dates of the alleged offenses, § 63 provided a six-year period of limitations. However, in July, 1985, by force of St. 1985, c. 123, § 63 was amended, effective September 30, 1985, and the period of limitations for these crimes was extended from six years to ten years. This amendment became effective on September 30, 1985, a date within six years of the alleged commission of the crimes. To contest the vitality of the indictment and the applicability of the amendment of § 63 to the indictment, the defendant filed a motion to dismiss. The issue was reported to the Appeals Court pursuant to Mass. R. Crim. P. 34, 378 Mass. 905 (1979). We granted the defendant's application for direct appellate review.

The defendant challenges the application of the amended statute of limitations on two fronts: (1) constitutional jurisprudence; and (2) statutory interpretation.

1. *Constitutional attack.* In both art. 1, § 9, of the United States Constitution and art. 24 of the Declaration of Rights of the Massachusetts Constitution, there is found protection from the operation of ex post facto laws. The classical exposition of an ex post facto law is found in the primordial case of *Calder* v. *Bull*, 3 U.S. (3 Dall.) 386, 390 (1798): " 1st. Every law that makes an action done before the passing of the law, and which was *innocent* when done, criminal; and punishes such action. 2d. Every law that *aggravates* a *crime*, or makes it *greater* than it was, when committed. 3d. Every law that *changes the punishment*, and inflicts a *greater punishment*, than the law annexed to the crime, when committed. 4th. Every law that alters the *legal* rules of *evidence*, and receives less,

or different, testimony, than the law required at the time of the commission of the offence, *in order to convict the offender*." (Emphasis in original.)

It seems clear that the extension of the statute of limitations falls into none of these categories. It simply extends the time within which the government may prosecute. Courts have been consistently uniform in adopting this view. *United States ex rel. Massarella* v. *Elrod*, 682 F.2d 688, 689 (7th Cir. 1982). *Falter* v. *United States*, 23 F.2d 420, 425-426 (2d Cir. 1928). The defendant seeks to enlist the support of *United States* v. *Richardson*, 512 F.2d 105 (3d Cir. 1975), but it fails to deliver. *Richardson* was decided entirely on a divining of congressional intent and not on Federal constitutional grounds. In fact, the court there conceded that Congress had the power to extend the statute of limitations without violating the ex post facto clause.

As to the Massachusetts Constitution, no case has been discovered which applies the ex post facto provision of art. 24 to the extension of a statute of limitations, but *Commonwealth* v. *Greenberg*, 339 Mass. 557, 578-579 (1959), is instructive. In *Greenberg*, the Commonwealth introduced documentary evidence against the defendants by force of G. L. c. 233, § 78, the so-called business record exception to the hearsay rule. At the time of the alleged crimes, § 78 was applicable only to civil cases. Before trial, it was amended to become applicable to criminal cases, a virtual boon to the prosecution of the defendants in *Greenberg*. The court had no difficulty in holding that the amendment operated retrospectively because it related merely "to the remedy or procedure which do not affect such substantive rights." *Id*. at 578. The same can be said for the amendment to § 63 in the present case.

The defendant's cause is advanced no further under the banner of due process and, quite understandably, he cites no authority for deciding that the extension of the statute of limitations in these circumstances violates his due process rights.

2. *Statutory interpretation.* The defendant argues that the Legislature did not intend the 1985 amendment to operate retrospectively. He finds support, so he argues, in the express language of an earlier amendment to § 63, St. 1955, c. 781, § 2,

where the Legislature provided for retroactivity, whereas, in St. 1985, c. 123, such language is missing. However, it should be noted that the principal thrust of St. 1955, c. 781, was the extension of the time period. The purpose of St. 1985, c. 123, was simply the addition of new crimes to the list of those which carried a ten-year statute of limitations. Significantly, the crimes added are rape of child, G. L. c. 265, § 22A (1986 ed.), rape and abuse of child (G. L. c. 265, § 23 [1986 ed.]), assault with intent to commit rape (G. L. c. 265, § 24) and assault on child with intent to commit rape (G. L. c. 265, § 24B [1986 ed.]). All but one of the crimes in this case concern sexual abuse of children. Furthermore, we have approved retrospective application of statutes which contain no language calling for their retrospective application. See *Greenberg, supra* at 578-579 (St. 1954, c. 442, § 1, amending G. L. c. 233, § 78, contained no language directing retrospective application).

A canvass of cases throughout the country reveals a hopeless split among the jurisdictions. Some States categorically apply a subsequent statute of limitations to offenses not already time-barred when the new statute of limitations becomes effective.[1]

---

[1] See, e.g., *People* v. *Smith*, 171 Cal. App. 3d 997 (1985) (prosecution was timely based on double extension of statute of limitations where each extension was effective before then-applicable limitations period had run); *People* v. *Whitesell*, 729 P.2d 985 (Colo. 1986) (amendment extending applicable statute of limitations applied to all offenses not time-barred as of its effective date); *People* v. *Massarella*, 80 Ill. App. 3d 552 (1979) (legislature can extend statute of limitations as long as original has not expired), cert. denied, 449 U.S. 1077 (1981); *People* v. *Liebling*, 36 Ill. App. 3d 1073 (1976) (crimes were reclassified so that they fell under long statute of limitations; court held defendant could be prosecuted under the new statute of limitations because reclassification occurred before expiration of original statute); *State* v. *Ferrie*, 243 La. 416 (1962) (prior to expiration of statute of limitations effective at time of offense, defendant had no substantial right in limitations and application of longer statute of limitations was permissible); *Beaird* v. *State*, 734 S.W.2d 17 (Tex. App. 1987) (amendment permissibly extended limitation period to five years unless prosecution of offense was barred by limitations prior to the effective date of extension); *Rose* v. *State*, 716 S.W.2d 162 (Tex. Ct. App. 1986) (statute extending period of limitations applies to all offenses not time-barred; statute of limitations is procedural); *Archer* v. *State*, 577 S.W.2d 244 (Tex. Crim. App. 1979) (although statute of limitations was one year originally, defendant

In other jurisdictions, the legislative intent is crucial as to whether the amended statute of limitations should apply retrospectively.[2] Finally, in some jurisdictions, the courts have simply declared that the statute of limitations is substantive and, hence, may operate only prospectively.[3]

It may be argued that the Legislature recognized the delays commonly and understandably associated with a child's report of sexual abuse and wished to accommodate such delays by an extension of the statute of limitations. It makes good sense for the Legislature to consider what is increasingly one of the great scourges of our society — the sexual abuse of children. We have a right to consider the precise evil which is targeted in legislation under review. See *Commonwealth* v. *Collett*, 387 Mass. 424, 432 (1982). Accordingly, it is not reasonable to assume that the Legislature intended to delay the application of the new ten-year statute of limitations which would eventuate if the amendment applied only to crimes occurring after its enactment.

could be indicted more than one year but less than three years after offense where statute of limitations was extended to three years before expiration of first statute of limitations); *State* v. *Hodgson*, 108 Wash. 2d 662 (1987) (where Legislature extended statute of limitations, new period of limitations applied to offenses not already time-barred when new enactment was adopted and became effective).

[2] See, e.g., *State* v. *Creekpaum*, 732 P.2d 557 (Alaska 1987) (even where there is express legislative intent that new statute be applied retroactively, statute will not be applied in that manner where it operates to detriment of accused); *Martin* v. *Superior Court*, 135 Ariz. 99 (1983) (new statute of limitations will not be applied retroactively unless that is clearly the intent of the Legislature); *State* v. *Paradise*, 189 Conn. 346 (1983) (absent clear language necessitating retroactive effect, criminal statute of limitations will be applied prospectively; court did *not* decide whether statute of limitations is procedural or substantive); *State* v. *Merolla*, 100 Nev. 461 (1984) (absent clear legislative intent to the contrary, amendment extending statute of limitations operates prospectively only).

[3] *Stoner* v. *State*, 418 So. 2d 171, 178 (Ala. Crim. App. 1982) (statute of limitations in a criminal prosecution is a substantive right), cert. denied, 459 U.S. 1128 (1983); *Rubin* v. *State*, 390 So. 2d 322, 324 (Fla. 1980) (statute of limitations vests a substantive right, so statute of limitations in effect at time of incident is controlling); *State* v. *Frech Funeral Home*, 185 N.J. Super. 385 (1982) (statute of limitations is substantive and may not be applied to offenses commited prior to effective date).

Moreover, apart from legislative intent, the extension of the statute of limitations is remedial and procedural, not substantive. *United States ex rel. Massarella* v. *Elrod,* 682 F.2d 688, 689 (7th Cir. 1982). "Statutes relating merely to the remedy or procedure which do not affect substantive rights are generally held to operate retroactively." *Commonwealth* v. *Greenberg, supra* at 578-579. *People* v. *Masry,* 179 Cal. App. 3d 1149 (1986).

In conclusion, there is no constitutional or statutory barrier to the application of the amendment to § 63 to this indictment and the motion to dismiss should be denied.

*So ordered.*

LIACOS, J. (dissenting, with whom Hennessey, C.J., and Wilkins, J., join). For the first time in the history of this Commonwealth, the court today gives retroactive effect to a criminal statute of limitations. The court does this, contrary to the intent of the Legislature; in so doing, the court aligns us with a small group of our sister States who have addressed the issue.

"As a general rule, statutes operate prospectively unless a contrary legislative intent is clearly shown. *Yates* v. *General Motors Acceptance Corp.,* 356 Mass. 529, 531 (1969). *Welch* v. *Mayor of Taunton,* 343 Mass. 485, 487 (1962)." *Nantucket Conservation Found., Inc.* v. *Russell Management, Inc.,* 380 Mass. 212, 214 (1980). It is a fundamental precept that criminal statutes are strictly construed against the government and in favor of the accused. See *Commonwealth* v. *Clinton,* 374 Mass. 719, 721 (1978). Moreover, "criminal limitations statutes are 'to be liberally interpreted in favor of repose.'" *United States* v. *Habig,* 390 U.S. 222, 227 (1968), quoting *United States* v. *Scharton,* 285 U.S. 518, 522 (1932).[1] In the absence of any

---

[1] In *Toussie* v. *United States,* 397 U.S. 112, 114-115 (1970), Justice Black stated for the Court the reasons for such a principle: "In deciding when the statute of limitations begins to run in a given case several considerations guide our decision. The purpose of a statute of limitations is to limit

legislative intent to make the amendment retroactive, I see no reason to override the presumptions stated above.

The court states: "[I]t is not reasonable to assume that the Legislature intended to delay the application of the new ten-year statute of limitations [G. L. c. 277, § 63]." *Ante* at 593. No explanation is given for this conclusory statement. On the contrary, the only reasonable conclusion is that the Legislature intended prospective application. In the past thirty-five years, G. L. c. 277, § 63, has been amended only three times: once in 1987, an amendment not in issue; once in 1985, the amendment at issue in this case; and once in 1955. Statute 1955, c. 781, § 2, provided: "*Section 1.* Section 63 of chapter 277 of the General Laws, as appearing in the Tercentenary Edition, is hereby amended by inserting after the first sentence the following sentence: — An indictment for the crime or crimes set forth in sections seventeen, eighteen, nineteen and twenty-one of chapter two hundred and sixty-five, or for conspiracy to commit such crime or crimes, or as accessory thereto, or any one or more of them may be found and filed within ten years of the date of commission of said crime or crimes. *Section 2. The second sentence of section sixty-three of chapter two hundred and seventy-seven of the General Laws, as appearing in section one of this act, shall apply to indictments for such crimes committed within the six years next prior to the effective date of this act as well as thereafter*" (emphasis supplied). Thus, in 1985, when the Legislature amended this statute which, in its 1955 enactment specifically provided for retroactivity, it did not repeat the language providing for retroactive application of the amendment. The 1985 amendment, and the legislative history accompanying the amendment, are silent on the issue of retroactivity. This silence, in light of the statute's pre-

---

exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past. Such a time limit may also have the salutary effect of encouraging law enforcement officials promptly to investigate suspected criminal activity."

vious explicit language of retroactivity, speaks volumes. It is far more "reasonable" to assume that, because they did not so provide, the Legislature did not want the 1985 amendment to operate retroactively.

Furthermore, it is clear, generally, that the Legislature knows how to make a statute retroactive when it wants it to operate in that way. In addition to the explicit langauge of retroactivity in the 1955 amendment to G. L. c. 277, § 63, the Legislature has provided explicitly for a retroactive application with regard to other criminal statutes.[2] Indeed, when the Legislature

---

[2] See the following examples: Section 13 of St. 1964, c. 308, dealing with delinquent children and crimes committed by delinquent children, approved April 22, 1964, provides: "This act shall take effect on July first, nineteen hundred and sixty-four; and its provisions shall apply to any person who, prior to his seventeenth birthday, shall have committed an offense against the law of the commonwealth or violated a city ordinance or town by-law, *whether such offense or violation was committed prior to or subsequent to the effective date of this act*" (emphasis supplied).

Section 6 of St. 1972, c. 293, dealing with indeterminate sentencing of prisoners, approved May 18, 1972, provides: "The provisions of this act shall apply to all sentences for misdemeanors imposed under sections seventeen, eighteen, thirty-two, and thirty-three of chapter two hundred and seventy-nine of the General Laws *on or after January first, nineteen hundred and seventy*" (emphasis supplied).

Section 2 of St. 1976, c. 34, dealing with the licensing of firearms, approved March 30, 1976, provides: "This act shall take effect as of January first, nineteen hundred and seventy-six, and shall become inoperative on January first, nineteen hundred and seventy-seven."

Section 2 of St. 1981, c. 411, dealing with the licensing of firearms, approved September 29, 1981, provides: "This act shall take effect as of July first, nineteen hundred and eighty-one, and shall cease to be operative on January first, nineteen hundred and eighty-two."

amended G. L. c. 269, § 10, in 1981, and a prior amendment in 1976 contained a clause providing for retroactivity, the Legislature enacted a new provision also allowing for retroactivity. Compare G. L. c. 269, § 10, as amended by St. 1976, c. 34, § 2, with St. 1981, c. 411, § 2. In this context, the omission of the retroactivity language in the 1985 amendment to G. L. c. 269, § 63 (as compared with the 1955 amendment), is a compelling indication that the Legislature did not intend the 1985 amendment to be retroactive.

The court also states, as justification for its views, that the Legislature was concerned with "one of the great scourges of our society — the sexual abuse of children." *Ante* at 593. Obviously, the Legislature was so concerned, and properly so. But the court's conclusion is a classic non sequitur. While I agree that child abuse is a terrible and tragic crime, the fact that the Legislature lengthened the statute of limitations for crimes of that nature has no bearing on the retroactivity or nonretroactivity of the statute. Normally, when the Legislature is keenly concerned with remedying a problem, it will invoke the emergency clause, thereby making the legislation effective immediately, rather than in ninety days. No emergency provision was attached to this amendment. Nor did the Legislature utilize its prior technique of making the statute explicitly retroactive.

To date, no case in this Commonwealth has given retroactive effect to a criminal statute of limitations. The case cited by the court, *Commonwealth* v. *Greenberg,* 339 Mass. 557 (1959), is off the mark; that case dealt with a statute governing the admissibility of evidence, clearly a procedural rule. The question whether a statute of limitations is procedural or substantive in this context has not been addressed in this Commonwealth, and there is a significant split of opinion among sister jurisdictions, as noted in the court's opinion. Contrary to the court's assertion that the split among jurisdictions is "hopeless," my review of the cases of other jurisdictions reveals a decided preference for prospective application of a criminal statute of

limitations.[3] I find the logic and reasoning of the majority of the States to be persuasive. I dissent.[4]

.

---

[3] The majority lists nine cases that give criminal statutes of limitation retroactive effect. Of those nine, three are Texas cases, two are Illinois cases, and one, *People* v. *Whitesell,* 729 P.2d 985 (Colo. 1986), categorically does not infer retroactive effect to criminal statutes of limitation. Rather, *Whitesell* relies on two prior Colorado Supreme Court cases, *People* v. *Holland,* 708 P.2d 119 (Colo. 1985), and *People* v. *Midgley,* 714 P.2d 902 (Colo. 1986), which held that there must be clear legislative intent to overcome the presumption against retroactivity. In *Holland, supra* at 121, the same amendment to the statute of limitations at issue in *Whitesell* was found to be retroactive only on a showing of specific and explicit legislative intent.

In addition to the jurisdictions mentioned by the court (see *ante* at 593 notes 2 & 3), which do not give statutes retroactive effect in the absence of clearly stated legislative intent, see *United States* v. *Richardson,* 512 F.2d 105, 106 (3d Cir. 1975); *Reino* v. *State,* 352 So. 2d 853, 859-860, 861 (Fla. 1977); *Commonwealth* v. *Baysore,* 349 Pa. Super. 345, 349 (1986); and *People* v. *Holland, supra.* See also *Mullenax* v. *Langston,* 286 Ark. 470, 471 (1985) (statute of limitations in effect at time offense committed applies).

Thus, it appears that five jurisdictions give retroactive effect to criminal statutes of limitation: California, Illinois, Louisiana, Texas, and Washington. Eleven jurisdictions refuse to give retroactive effect in the absence of clear legislative intent or on the basis that a statute of limitations is substantive: United States Court of Appeals for the Third Circuit, Alabama, Alaska, Arizona, Arkansas, Colorado, Connecticut, Florida, Nevada, New Jersey, and Pennsylvania.

[4] For the reasons stated here, I dissent also in the cases of *Commonwealth* v. *Pellegrino, post* 1003 (1988), and *Tigges* v. *Commonwealth, post* 1003 (1988).