ROBERT E. STEWART vs. CHAIRMAN OF THE
MASSACHUSETTS PAROLE BOARD.

No. 92-P-950.

Middlesex. November 15, 1993. - January 25, 1994.

Present: KASS, KAPLAN, & FINE, JJ.

*Parole. Imprisonment*, Parole. *Constitutional Law*, Ex post facto law. *Statute*, Retroactive effect, Retrospective statute. *Administrative Law*, Rule making. *Practice, Civil*, Discovery.

Statute 1982, c. 108, § 2, amending G. L. c. 127, § 133A, and Massachusetts Parole Board regulations adopted following that amendment, adding, as persons to whom notice of a public hearing on a criminal offender's parole is required, victims of the crime for which sentence was imposed and their families, were applicable to the parole proceedings of a certain prisoner, even though the statutory and regulatory changes had been adopted after the date of his offense and sentencing; inasmuch as the changes in issue were essentially procedural in nature, they did not, as so applied, violate the ex post facto clauses of the United States and Massachusetts Constitutions. [845-847]

Regulations of the Massachusetts Parole Board adopted following the amendment of G. L. c. 127, § 133A, by St. 1982, c. 108, § 2, requiring notice to law enforcement officials and victims' families of a prisoner's follow-up reviews and also requiring that hearings for such reviews be conducted in public, were not in conflict with the statute and were well within the board's rule-making authority; nor did the regulations deprive a certain prisoner of any due process rights. [847]

In an action against the chairman of the Massachusetts Parole Board in which a prisoner alleged that certain statutory and regulatory changes adopted after the date of his offenses and sentencing adversely affected his chances of being granted parole, there was no abuse of discretion in the judge's resolving the legal issues in the case without affording the plaintiff the opportunity for discovery. [847-848]

CIVIL ACTION commenced in the Superior Court Department on August 23, 1991.

The case was heard by *Charles F. Barrett*, J.

*Robert E. Stewart*, pro se.

*Nancy W. Geary*, Assistant Attorney General, for the defendant.

FINE, J. In 1974, Robert E. Stewart was convicted of second degree murder and armed assault in a dwelling based upon occurrences in 1972 as a result of which he is serving two concurrent life sentences. He became eligible for parole on his life sentence for armed assault in 1989, but after a public hearing before the Massachusetts Parole Board (parole board), at which members of the murder victim's family appeared in opposition, his parole was denied.

Before 1982, G. L. c. 127, § 133A, required the parole board to hold a public hearing within sixty days before the expiration of fifteen years of any life sentence other than for first degree murder and to give written notice of the hearing to certain law enforcement officials who would have the right to appear at the hearing and/or make a recommendation. Should parole be denied, the statute provided that at least once during each following three-year period the parole board "consider carefully and thoroughly the merits of each such case on the question of releasing such prisoner on parole." General Laws c. 127, § 133A, was amended through St. 1982, c. 108, § 2, to add, as persons to whom notice was required, "victims of the crime for which sentence was imposed." Following that amendment, the parole board adopted rules and regulations providing, among other things, that notice be given to victims' families of the initial public hearing on the offender's parole and of their right to testify and present evidence, that notice be given to them also of any subsequent consideration of parole, and that subsequent parole consideration be the subject of a public hearing. 120 Code Mass. Regs. § 203.11 (1990).

In 1991, Stewart brought this action against the chairman of the parole board. He alleged that the statutory and regulatory changes adopted after the date of his offenses and sentencing adversely affected his chances of being granted parole, and he sought a declaration, among other things, that application of the amended statute and regulations to his parole proceedings violated the ex post facto clauses of the

United States and Massachusetts Constitutions. In addition, he alleged that the statute was being improperly interpreted by the parole board to authorize notice to victims' families and to the designated law enforcement authorities of any parole review hearings following the initial hearings and to allow those follow-up hearings to be public. Stewart sought to conduct discovery. The parole board moved to dismiss the complaint and for a stay of discovery. Without ruling on the discovery issue, the motion judge issued a memorandum and order in which he concluded that the statutory and regulatory changes were wholly procedural and there was, therefore, no ex post facto violation, and he ordered a declaratory judgment to be entered to that effect.

On appeal, Stewart (1) contends that the judge erred in ruling that there was no ex post facto violation, (2) presses his claim that the parole board's current regulations are in conflict with G. L. c. 127, § 133A, and (3) contends that the judge erred in denying him the opportunity to complete discovery.[1]

1. *The ex post facto question.* Stewart argues that application to him of the 1982 amendment to G. L. c. 127, § 133A, and the parole board's regulations adopted following that amendment violate his constitutional right not to be subject to a law ex post facto, as provided in art. 1, § 9, of the United States Constitution and art. 24 of the Declaration of Rights of the Massachusetts Constitution. "Parole eligibility is a proper subject for application of the ex post facto doctrine. *Lerner* v. *Gill*, 751 F.2d 450, 454 (1st Cir. 1985)." *Hamm* v. *Commissioner of Correction*, 29 Mass. App. Ct. 1011, 1014 (1991).

Laws relating merely to procedure may generally operate retroactively. See *Commonwealth* v. *Greenberg*, 339 Mass. 557, 578-579 (1959); *Commonwealth* v. *Benjamin*, 358 Mass. 672, 680 (1971); *News Group Boston, Inc.* v. *Commonwealth*, 409 Mass. 627 (1991). Faced with a claim that a law is being applied in violation of the ex post facto doctrine,

---

[1]Stewart's pro se brief on appeal is well-written and logically reasoned.

a court must determine, therefore, whether it involves merely procedure or affects substantive rights. The court in *Commonwealth* v. *Bargeron*, 402 Mass. 589, 590-591 (1988), concerned with determining whether a change in the statute of limitations for certain sexual offenses could be applied to the defendant retroactively, referred, at 590, to "[t]he classical exposition of an ex post facto law . . . found in the primordial case of *Calder* v. *Bull*, 3 U.S (3 Dall.) 386, 390 (1798)." A law affects substantive rights and is ex post facto, according to that decision, if it makes criminal an action innocent when done; makes a crime more aggravated than when committed; increases the punishment for the crime, see *Commonwealth* v. *Kelley*, 411 Mass. 212, 215 (1991); or "alters the *legal* rules of *evidence*, and [requires] less, or different, testimony, than the law required at the time of the commission of the offence, *in order to convict the offender*" (emphasis in the original). *Calder* v. *Bull*, 3 U.S. at 390.

Stewart bases his claim on the last of the four categories of ex post facto laws described in *Calder* v. *Bull*. He contends that evidence from a victim's family was not allowed at parole board hearings at the time of his offense and sentencing and that the presentation of such evidence at an inmate's initial public hearing and subsequent public review proceedings is a severe impediment to obtaining release on parole. Stewart's case does not fall within the fourth category, however, because evidence presented by a victim's family members at a parole hearing would not be used "to convict the offender."

The changes in issue, relating to the persons to whom notice of hearings is required and access of the public to those hearings, are essentially procedural in nature. They do not affect any inmate's parole eligibility date or requirements for parole. In an analogous case, a statute that became effective after a juvenile offense, which changed the law to authorize admission of the public to juvenile proceedings, was held to be a procedural change. See *News Group Boston, Inc.* v. *Commonwealth*, 409 Mass. at 631. Contrast *Commonwealth* v. *A Juvenile*, 413 Mass. 148 (1992) (statute taking effect

four days after offense authorizing prosecutor to proceed by indictment without a probable cause hearing reduced the evidentiary burden for conviction, held to be substantive for purposes of ex post facto doctrine).

Stewart contends that the failure of the Legislature to provide expressly in G. L. c. 127, § 133A, as it has in other statutes, see *Lembersky* v. *Parole Bd. of Dept. of Correction*, 332 Mass. 290, 292 (1955), for application to persons convicted of crimes before the statute's effective date, indicates that it was intended to affect only persons convicted after that date. Retrospective application of statutes has, however, been approved absent language calling for their retrospective application. See *Commonwealth* v. *Bargeron*, 402 Mass. at 592. We agree with the motion judge that the statutory and regulatory changes in issues were procedural and could be applied to Stewart's proceedings.

2. *Statutory interpretation.* The motion judge did not decide whether there was merit to Stewart's claim that the parole board's regulations requiring notice to law enforcement officials and victims' families of follow-up parole reviews and also that hearings for such reviews be conducted in public are in conflict with G. L. c. 127, § 133A. Although there is no language in G. L. c. 127, § 133A, setting forth such requirements for the follow-up reviews, we think the provisions are well within the parole board's rule-making authority. G. L. c. 27, § 5(*e*). We regard the statute as providing minimum requirements as to notice and hearings and not precluding notice to other interested persons or more open proceedings. Contrary to Stewart's assertions, we see nothing in the parole board's regulations that deprives one in his position of due process.

3. *Right to discovery.* Stewart alleged in his complaint that fear of public outcry causes the parole board to give undue weight and deference to the views expressed by victims' family members or representatives at parole hearings. His discovery requests were directed, in part, at proving that allegation and establishing a pattern of wrongful conduct on the part of the parole board. It was not an abuse of discretion for

the motion judge to resolve the legal issues in the case without affording Stewart the opportunity for discovery. Even if Stewart could have proved that evidence from victims' family members generally weighs heavily in parole determinations, the legal principles on which we decide the case would remain unchanged. The parole board has broad discretion in determining when to grant parole and is not limited, in making its predictive judgment about the inmate, as to the number and kind of witnesses from whom it will hear evidence. See G. L. c. 127, § 130. Compare *Greenman* v. *Massachusetts Parole Bd.*, 405 Mass. 384 (1989).

*Judgment affirmed.*