**Thomas Chris WHITE, Plaintiff–Appellant,**

v.

**PROGRESSIVE MOUNTAIN INSURANCE COMPANY, Defendant–Appellee.**

**No. 01CA2058.**

Colorado Court of Appeals, Div. III.

Nov. 21, 2002.

The Hannon Law Firm, LLC, Kevin S. Hannon, Andrew B. Reid, Denver, Colorado, for Plaintiff–Appellant.

Seaman and Giometti, P.C., Gregory R. Giometti, Karl A. Chambers, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge NIETO.

Plaintiff, Thomas Chris White, appeals the judgment entered in favor of defendant, Progressive Mountain Insurance Company. We affirm.

On March 5, 1994, plaintiff was injured in an automobile accident. Plaintiff was insured by an automobile insurance policy issued by defendant that included coverage required by the version of Colorado Auto Accident Reparations Act, § 10–4–701, et seq., C.R.S.2002, in effect at that time. In January 1999, plaintiff's doctors determined that, as a re-

sult of his injuries, plaintiff would require vocational rehabilitation. Plaintiff underwent a vocational rehabilitation assessment and received a plan to begin rehabilitation services in June 1999. On March 4, 1999, plaintiff contacted defendant and demanded payment for the rehabilitation services. Defendant advised plaintiff that benefits for such services were beyond the five-year limitation period in the policy and denied plaintiff's claim.

Plaintiff filed a complaint against defendant for breach of contract and bad faith breach of contract. Defendant moved for summary judgment, and the trial court granted defendant's motion after a hearing and entered judgment in favor of defendant. This appeal followed.

## I.

■ Plaintiff contends that the provision in his policy limiting rehabilitation benefits to a period of five years after an accident is inconsistent with the version of § 10–4–706(1)(c) in effect at the time. Plaintiff argues that the trial court misapplied the statute and erred as a matter of law in granting defendant's motion for summary judgment. We disagree.

Summary judgment is proper only when the pleadings, affidavits, depositions, or admissions show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Appellate review of a summary judgment is de novo. C.R.C.P. 56; *De La Rosa v. Western Funding, Inc.*, 24 P.3d 637 (Colo. App.2001).

In determining the meaning of statutory provisions, our objective is to give full effect to the intent of the General Assembly. In doing so, we must first consider the statutory language. If the legislative intent is immediately apparent from the commonly understood and accepted meaning of the statutory language, we need look no further and must give effect to the statute as written. However, if the statutory language is ambiguous, we must consider principles of statutory construction to ascertain the legislative intent. In such a case, we may consider the textual

context, the statute's legislative history, the state of the law prior to the legislative enactment, the problem addressed by the legislation, and the relationship between the particular legislation and other relevant legislative provisions. *Colby v. Progressive Casualty Ins. Co.*, 928 P.2d 1298 (Colo.1996)(*Colby II* ).

The version of § 10–4–706(1)(c)(I)(A) in effect at the time of the accident required an insurer to provide certain minimum coverage in automobile insurance policies for payment of the cost of rehabilitation services incurred as a result of injury arising out of the use or operation of a motor vehicle. Colo. Sess. Laws 1973, ch. 94, § 13–25–6(1) & (4)(a)(I) at 335–36 (now codified with amendments as § 10–4–706(1)(c)(I), C.R.S.2002). The version of § 10–4–706(1)(c)(II) (the rehabilitation section) then in effect provided:

> An insurer obligated to provide direct benefits under this section shall be presumed to have complied with the provision for rehabilitation when the value of rehabilitation services or treatment provided under paragraph (c) of subsection (1) of this section shall have reached fifty thousand dollars within five years after an accident involving a motor vehicle.

Colo. Sess. Laws 1984, ch. 303 at 1071.

Plaintiff contends that the plain language of the rehabilitation section establishes a rebuttable presumption that an insurer has met its obligation if it has paid $50,000 within five years of the accident. He argues that the rehabilitation section does not limit payment for rehabilitation benefits to a period of five years after the accident, but rather that the insured is entitled to rehabilitation benefits for services beyond the five-year period if the insured can demonstrate that less than $50,000 in benefits have been paid and that further rehabilitation services are needed. We are not persuaded.

As discussed in *Colby II,* the rehabilitation section is ambiguous because the legislative intent is not clear from the language used. In *Colby II,* the insureds argued that the rehabilitation section created a rebuttable presumption of compliance with the minimum coverage requirements and that the insurer may be required to provide coverage for rehabilitation services until they are no long-

er necessary. The supreme court rejected this argument and held that the rehabilitation section did not create a rebuttable presumption. Rather, it concluded that "the word 'presume' establishes a monetary cap" of $50,000 in rehabilitation benefits coverage. In so holding, the court noted that one meaning of "presume" is "to accept as true or credible without proof or before inquiry." *Colby II, supra,* 928 P.2d at 1303.

A footnote in *Colby II* makes clear that, because there the insurers had paid $50,000 within five years of the accident, the court was not interpreting the phrase "within five years" as used in the rehabilitation section. *Colby II, supra,* 928 P.2d at 1300 n. 2. However, in interpreting that phrase, we must be guided by the supreme court's interpretation of other language in that section of the statute. We must apply the term "presumed" as the supreme court has interpreted it. Thus, given that "presumed," as used in this section, establishes a monetary cap, the statute must also provide a five-year time limit for coverage, and we so hold.

Our conclusion is supported by the legislative history of the rehabilitation section discussed in *Colby II.* There, the court noted that the legislator sponsoring the bill containing the rehabilitation section stated that rehabilitation expenses were limited to $25,000 within five years. *Colby II, supra,* 928 P.2d at 1304. The court also referred to Colorado Legislative Council material concerning this auto insurance legislation that stated "[r]ehabilitation benefits would be provided up to $25,000 within a five year time period." *Colby II, supra,* 928 P.2d at 1304. At the time of the accident here, the dollar amount had been amended to $50,000, but the rehabilitation section was otherwise substantially unchanged.

We also find support for our conclusion in the legislative declaration accompanying the 1994 amendment to the rehabilitation section, which states: "The Colorado general assembly hereby finds and declares that the original intention ... in enacting [the rehabilitation section] was to li required rehabilitation benefits in both time and amount." Colo. Sess. Laws 1994, ch. 187, § 1 at 1066. This declaration responded to an unidentified "re-

cent court opinion" holding that an insurer could not limit payment under the rehabilitation section to the five-year period following the accident. While this subsequent declaration of legislative intent is not controlling here, it is instructive and entitled to significant weight. *See Colby II, supra; People v. Holland,* 708 P.2d 119 (Colo.1985); *cf. Academy of Charter Schools v. Adams County School District No. 12,* 32 P.3d 456 (Colo. 2001)(where General Assembly intends that an amendment clarifies rather than changes a statute, the amendment may have retroactive affect).

Finally, our conclusion is supported by other Colorado cases that have indicated in dicta that the rehabilitation section limits benefits as to both amount and time. *See Sulzer v. Mid–Century Ins. Co.,* 794 P.2d 1006 (Colo.1990)(rehabilitation benefits under the rehabilitation section are available for a period of five years and are limited to a total of $50,000); *Krieg v. Prudential Property & Casualty Ins. Co.,* 686 P.2d 1331 (Colo. 1984)(the rehabilitation section provides for minimum personal injury protection benefits for rehabilitative care and treatment up to a fixed dollar amount rendered within five years after the accident); *Cingoranelli v. St. Paul Fire & Marine Ins. Co.,* 658 P.2d 863 (Colo.1983)(the rehabilitation section provides for rehabilitation benefits up to a fixed dollar amount over a period of five years after the accident).

Plaintiff argues that in *Colby v. Progressive Casualty Ins. Co.,* 908 P.2d 1170 (Colo.App.1995)(*Colby I* ), *aff'd, Colby II, supra,* a division of this court previously determined that the rehabilitation section created a rebuttable presumption with respect to time. However, in *Colby II* the supreme court, while affirming *Colby I*'s holding that the rehabilitation section established a monetary cap, declined to consider the meaning of the phrase "within five years." Moreover, as discussed above, we cannot read the word "presumed" in the rehabilitation section to create a monetary cap in one part of the sentence and to create only a rebuttable presumption as to time in another part of the same sentence. Thus, to the extent *Colby*

*I*'s holding as to the time provision survived the ruling in *Colby II*, we decline to follow it.

Plaintiff's argument for a rebuttable presumption would be more persuasive if we were writing on a blank slate. However, the interpretation in *Colby II* and the recent clarifying legislative declaration must inform our interpretation of the statutory language here. Accordingly, we conclude that the rehabilitation section limits rehabilitation benefits to services rendered within five years following the accident, and therefore, the trial court did not err in granting defendant's motion for summary judgment.

## II.

Plaintiff contends that even if the rehabilitation section set forth a time limit for rehabilitation benefits, because his need for such benefits was not discoverable until 1999, the time period in which he must make a claim for such benefits was tolled under the doctrine of discovery. However, plaintiff did not make this argument in his response to defendant's motion for summary judgment or at the hearing on the motion. Accordingly, because plaintiff raises this argument for the first time on appeal, we decline to address it. *See Pomerantz v. Microsoft Corp.*, 50 P.3d 929 (Colo.App.2002).

The judgment is affirmed.

Judge NEY and Judge KAPELKE concur.