## COMMONWEALTH *vs.* SHIRLEY McGEE.

No. 08-P-938.

Suffolk. March 4, 2009. - October 20, 2009.

Present: COHEN, BROWN, & WOLOHOJIAN, JJ.

*Rape. Evidence,* First complaint, Spontaneous utterance. *Limitations, Statute of.*

At a rape trial, the judge erred in allowing a police officer to be substituted as the Commonwealth's designated "first complaint" witness, where the testimony of the complainant's neighbor plainly qualified as first complaint, and there was no evidence to suggest that the neighbor was incompetent or biased; moreover, as the testimony of the officer was substantially more detailed than that of the proper first complaint witness and may have been accepted more readily by the jury because of the officer's position, this court could not conclude that the error was not prejudicial. [501-502]

Discussion of the propriety, at the retrial of an indictment charging the defendant with aggravated rape, of the admission in evidence, as spontaneous utterances, of a nurse's testimony recounting, from interview notes, the complainant's detailed description of the rape, in circumstances where another witness provides the "first complaint" testimony. [502-504]

There was no merit to a criminal defendant's claim that retroactive application of an extension of the statute of limitations for the crime of rape would be unconstitutional. [504]

INDICTMENT found and returned in the Superior Court Department on November 13, 2003.

The case was tried before *Thomas E. Connolly,* J.

*James E. Methe* for the defendant.

*Kris C. Foster,* Assistant District Attorney (*Cory S. Flashner,* Assistant District Attorney, with her) for the Commonwealth.

COHEN, J. The defendant, Shirley McGee, was convicted of rape as a lesser included offense of aggravated rape, pursuant to G. L. c. 265, § 22.[1] His principal arguments on appeal concern

---

[1]The defendant was acquitted on an additional count of aggravated rape. A charge of kidnapping was dismissed before trial.

alleged violations of the "first complaint" rule. See *Commonwealth* v. *King*, 445 Mass. 217, 241-248 (2005), cert. denied, 546 U.S. 1216 (2006). Because we conclude that it was prejudicial error for the judge to allow the Commonwealth to substitute a police officer as the Commonwealth's designated first complaint witness, when he was not the person to whom the complainant first reported that she was raped, we reverse.

*Background.* At the defendant's 2006 trial, the Commonwealth adduced evidence that, eighteen years earlier, the defendant pushed the complainant into his car, took her to a motel where he violently raped her, and then drove her back to the place where he had abducted her.[2] The defendant contended that the complainant, who by her own admission was a "crack" cocaine addict at the time, invented the claim of rape because she regretted having participated willingly in a sordid episode involving drugs and sex.

In a pretrial motion in limine, the Commonwealth argued that even though the complainant's neighbor was the first individual to whom she reported that she had been raped, another witness — the investigating officer who responded when the neighbor called the police — should be substituted as the Commonwealth's designated first complaint witness. Before deciding the motion, the judge heard from both the neighbor and the officer on voir dire. The neighbor testified that, on the night of the incident, she heard the complainant pounding on her door. When she opened it, she found the complainant huddled on the ground outside. The complainant told the neighbor that she had been raped, and the neighbor called the police.

The officer testified that he responded to the call and spoke with the complainant for ten minutes, obtaining, among other things, her description of the defendant, his car, and how she

---

[2]The defendant was indicted in November, 2003. The delay between the rape and the indictment was due to the improvements in deoxyribonucleic acid (DNA) analysis. At the time of the rape, it was not possible to perform DNA analysis on small amounts of biological evidence. Therefore, the evidence in this matter was frozen. With the advent of polymerase chain reaction amplification, in 2001 the Boston police department began reviewing older cases to try to retrieve DNA profiles. If a DNA profile could be retrieved, it was compared to a database of known profiles. This process resulted in the identification of the defendant in August, 2003.

came to be with him. Over the defendant's objection, the judge allowed the officer to testify as the designated first complaint witness, on the ground that the officer had spoken with the complainant only a short time after she spoke with her neighbor, and had heard more details of the incident.

During the trial, the judge overruled another first complaint rule objection made by the defendant, allowing the nurse who examined the complainant at the hospital on the evening of the incident to read from her interview notes and recount the complainant's detailed description of the rape. The rationale for the judge's ruling was that the complainant's statements were admissible as spontaneous utterances.[3]

*Discussion.* 1. *Substitution of first complaint witness.* It was error to allow the officer to be substituted as the Commonwealth's designated first complaint witness. In unusual circumstances, a judge has discretion to designate a substitute witness — e.g., where the first person to hear the complaint is "unavailable, incompetent, or too young to testify meaningfully," *Commonwealth* v. *King, supra* at 243-244; "when the encounter that the victim has with the first person does not constitute a complaint," *Commonwealth* v. *Murungu,* 450 Mass. 441, 446 (2008)[4]; or when the first complaint witness has "an obvious bias or motive to minimize or distort the victim's remarks." *Ibid.* The judge may not, however, replace the first complaint witness with a law enforcement official simply because the latter is the one "with the most complete memory, the one to whom the complainant related the most details, or the one who is likely to be the most effective witness." *Ibid.* See *Commonwealth* v. *King, supra* at 243.

The testimony of the complainant's neighbor was that the complainant reported having been sexually assaulted. This testimony plainly qualified as first complaint, and there was no evidence to suggest the neighbor was incompetent or biased. Indeed, her testimony closely matched what the complainant remembered telling her. The Commonwealth was not entitled to

---

[3]Although the complainant spoke to the officer before she spoke to the nurse, the Commonwealth offered her statements to the officer only as first complaint and not for substantive purposes as spontaneous utterances.

[4]We note that the trial in this matter occurred prior to the Supreme Judicial Court's decision in *Murungu.*

substitute a more detailed subsequent complaint merely because it strengthened the Commonwealth's case.

Because the defendant preserved his rights, we apply the prejudicial error standard. An error is nonprejudicial only "if we are sure that the error did not influence the jury, or had but very slight effect." *Commonwealth* v. *Graham*, 431 Mass. 282, 288, cert. denied, 531 U.S. 1020 (2000), quoting from *Commonwealth* v. *Flebotte*, 417 Mass. 348, 353 (1994). Here, the testimony of the officer was substantially more detailed than that of the proper first complaint witness and may have been accepted more readily by the jury because of his position. We therefore are unable to conclude that the error was nonprejudicial and must reverse the conviction on this basis.

2. *Admission of "spontaneous utterance" testimony.* Because the issue may arise on retrial, we address the defendant's claim that the admission of the nurse's testimony also violated the first complaint doctrine.

We assume, in view of the foundation that was laid and the judge's preliminary findings,[5] that the statements to which the nurse testified qualified as spontaneous utterances. We also assume that their status as such trumped the general principle that "a patient's statement of how alleged injuries were suffered, or by whom inflicted, generally is not admissible in the Commonwealth," see *Commonwealth* v. *Arana*, 453 Mass. 214, 231 (2009). Nevertheless, further analysis was required before the testimony properly could be admitted.

Even before the adoption of the first complaint rule, when multiple complaint testimony was permitted, this court expressed strong reservations about the necessity and propriety of admitting both spontaneous utterances concerning a sexual assault and "fresh complaint" evidence. See *Commonwealth* v. *Davis*, 54 Mass. App. Ct. 756, 764-765 (2002). As the court in *Davis* explained, where a victim makes vociferous and immediate complaints about what happened to her, and those statements are

---

[5]The complainant's examination by the nurse took place on the evening of the events in question. The nurse described the complainant as distraught, crying, and curled in a fetal position. The judge therefore determined that the complainant remained under the influence of the exciting event and that her statements were spontaneous reactions to it. See *Commonwealth* v. *Santiago*, 437 Mass. 620, 623-625 (2002).

admitted without limitation as spontaneous utterances, "the rationale for receiving additional fresh complaint evidence is hard to justify. It [is] cumulative of evidence already admitted substantively but which also serve[s] the function of rebutting the supposed negative inference of a failure to make hue and cry." *Id.* at 765. See *Commonwealth* v. *King*, 445 Mass. at 241 (observing that corroborative evidence is less likely to be necessary in cases where victims have made spontaneous complaints). The court in *Davis* also recognized that the trial judge has discretion, under general principles pertaining to the receipt of cumulative evidence, to limit the amount of spontaneous utterance testimony where it may unduly prejudice the defendant. *Commonwealth* v. *Davis*, *supra* at 763-764. Nevertheless, in the circumstances presented, the *Davis* court concluded that the admission of multiple spontaneous utterance testimony was not an abuse of discretion, and that the additional admission of multiple fresh complaint testimony, while error, did not warrant a new trial, because "the admission of even a fulsome number of fresh complaints does not inexorably lead to reversible error." *Id.* at 765.

In the aftermath of the adoption of the first complaint doctrine, however, greater caution must be exercised in admitting testimony of both first complaint and spontaneous utterances that are in the nature of a complaint. Although the Supreme Judicial Court has recognized in *Commonwealth* v. *Arana*, *supra* at 229, that evidence of multiple complaints may be admissible in appropriate circumstances under a rubric other than first complaint, the existence of a potential alternative evidentiary basis for the admission of repetitive extrajudicial complaint evidence does not guarantee its admissibility. See *Commonwealth* v. *Monteiro*, *ante* 489, 494-495 (2009). "[A] second or subsequent complaint is not admissible simply because a separate evidentiary rule applies (e.g., the statement is not hearsay, or it falls within an exception to the hearsay rule). The evidence also must serve a separate function, and must be of sufficient importance to a fair understanding of the Commonwealth's case that its probative value outweighs the incremental prejudice to the defendant inherent in the receipt of multiple complaint evidence." *Id.* at 495.

Under our law of evidence, spontaneous utterance testimony

serves a separate function from first complaint testimony, in that it is admissible as substantive proof of the truth of the facts asserted, see *Commonwealth* v. *Snell*, 428 Mass. 766, 777, cert. denied, 527 U.S. 1010 (1999), while first complaint testimony serves the limited purpose of establishing the circumstances in which the complainant first reported the alleged offense and assisting the jury in their assessment of the credibility and reliability of the complainant's trial testimony. See *Commonwealth* v. *King*, 445 Mass. at 247-248. Nevertheless, the receipt of repetitive first complaint and spontaneous utterance evidence, no less than the receipt of repetitive fresh complaint testimony, has the potential to "unfairly enhance a complainant's credibility as well as prejudice the defendant by repeating for the jury the often horrific details of an alleged crime." *Id.* at 243. For that reason, if spontaneous utterance evidence in the nature of a report of a sexual assault is to be admitted in addition to first complaint, that evidence must be carefully evaluated for probity and prejudice as described above. Otherwise, the policies that animate the first complaint rule will not be effectuated.

In short, should the defendant be retried, the admission of other complaint evidence beyond the designated first complaint testimony is to be considered under the standards explained in *Arana* and *Monteiro*, whether or not that evidence is otherwise admissible as a spontaneous utterance.

3. *Other issues.* There is no merit to the defendant's claim that it would be unconstitutional to apply retroactively to his case the 1996 amendment to G. L. c. 277, § 63, as amended by St. 1996, c. 26, extending the statute of limitations for the crime of rape. See *Commonwealth* v. *Bargeron*, 402 Mass. 589, 591-594 (1988). The extent to which his prior convictions may be admitted under G. L. c. 233, § 21, may be revisited at any retrial. We need not comment on the remaining issues raised by the defendant, as they are not likely to arise again in the same form.

*Judgment reversed.*