NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-818

COMMONWEALTH

vs.

EMMANUEL RIVERA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Emmanuel Rivera, was indicted on charges of rape and abuse of a child, aggravated by a ten-year age difference, see G. L. c. 265, § 23A, and intimidation of a witness, see G. L. c. 268, § 13B.  After a bench trial in the Superior Court, the judge found the defendant guilty of the lesser-included offense of indecent assault and battery of a child and acquitted the defendant of witness intimidation.  On appeal, the defendant claims that the substitution of the Commonwealth's first complaint witness amounted to reversible error.  We affirm.

In certain circumstances judges may permit "someone other than and 'in lieu of, the very "first" complaint witness' to

testify."  Commonwealth v. Murungu, 450 Mass. 441, 445 (2008), quoting Commonwealth v. King, 445 Mass. 217, 243 (2005), cert. denied, 546 U.S. 1216 (2006).  One such circumstance is when the first complaint witness "has an obvious bias or motive to minimize or distort the victim's remarks."  Murungu, supra at 446.  To apply this exception, the judge must make a preliminary determination of the witness's bias.  See id.  "Generally, a voir dire will be the appropriate mechanism for such a determination."  Id.  We review a judge's decision regarding the admissibility of first complaint evidence for abuse of discretion.  See Commonwealth v. Aviles, 461 Mass. 60, 73 (2011).

Although the judge did not conduct a voir dire, the Commonwealth provided the judge with screenshots of text messages that the true first complaint witness, the victim's mother, had sent to the defendant after the victim disclosed the assault.  The text messages clearly showed the mother's bias. Not only did she express frustration that the victim would testify in a manner "that could put [the defendant] in jail," she also offered to testify in his defense.  The text messages signaled a disbelief of the victim's disclosure in light of "how she acted the next day and the whole fucking month in between" and "how much and often she lies now."  On this showing, the

2

judge allowed substitution of the mother with the next-in-time fresh complaint witness, the victim's grandmother.

The defendant argues on appeal that it was error to exclude the mother's first complaint testimony based on her bias prior to trial, and that the judge should have conducted a voir dire to determine if the mother remained biased on the day of trial. However, the defendant did not ask the judge to conduct a voir dire. To the contrary, defense counsel withdrew a previously-filed motion for voir dire of the first complaint witness, stating that it was unnecessary in a bench trial. In any event, the Commonwealth's motion did not present the type of a contested factual issue that can only be resolved with an evidentiary hearing. Contrast Commonwealth v. Stuckich, 450 Mass. 449, 455 (2008). The judge could reasonably conclude that evidence of the mother's bias at any time after receiving the first complaint was sufficient to taint her testimony. See Davis v. Alaska, 415 U.S. 308, 317 n.5 (1974) ("[a] partiality of mind at some former time may be used as the basis of an argument to the same state at the time of testifying" [citation and emphasis omitted]). Additionally, the record provides no indication that the request for substitution was prompted by an impermissible motive, such as the Commonwealth's desire to present a stronger version of the first complaint. See Commonwealth v. McGee, 75 Mass. App. Ct. 499, 501 (2009).

Rather, the request was based on a legitimate concern that the mother's version of the first complaint would be distorted into a weaker or inaccurate version of what the victim told her. On this record, we discern no abuse of discretion in the judge's determination that the mother was biased and that substitution of the grandmother as the first complaint witness was appropriate.

In any event, the substitution did not create a substantial risk of a miscarriage of justice.[1] In a jury-waived trial, "we presume that the judge was not affected, as a jury might be, by the testimony of two complaint witnesses." Murungu, 450 Mass. at 448. Here, the judge made clear in his ruling that any first complaint testimony must "come in through the grandmother, and not through the mother." The prosecutor was cautious to adhere this instruction throughout her questioning of the victim's mother. At one point, for example, she expressly avoided the risk of eliciting first complaint testimony from the mother by

---

[1] Because the defendant did not request a voir dire and did not argue that the judge should determine whether the mother was still biased on the day of trial, we review his claim under the substantial risk of a miscarriage of justice standard. See Commonwealth v. McCoy, 456 Mass. 838, 845-846 (2010). The defendant's arguments during the hearing on the Commonwealth's motion in limine, which did not raise the same grounds that he raises on appeal, did not preserve the issue. See Commonwealth v. Belnavis, 104 Mass. App. Ct. 798, 801 (2024). In any event, we would reach the same result if we were to review for prejudicial error.

prefacing a question with, "I don't want to ask you what she said to you."  Moreover, the judge acquitted the defendant of the more serious rape charge and of the witness intimidation charge, demonstrating he was not unduly swayed by the first complaint testimony.  See Commonwealth v. Sosnowski, 43 Mass. App. Ct. 367, 372 (1997).  We are confident that any error did not create a substantial risk of a miscarriage of justice.

Judgment affirmed.

By the Court (Massing, Walsh & Brennan, JJ.[2]),

Clerk

Entered:  January 7, 2025.

---

[2] The panelists are listed in order of seniority.