Filed 10/2/23  P. v. Newman CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B326024 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA502478) |
| v. | |
| CHARLES NEWMAN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, James R. Dabney, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant Charles Newman appeals from his conviction by plea to one count of driving with a .08 percent blood alcohol content within 10 years after being convicted of felony driving under the influence.  (Veh. Code, §§ 23152, subd. (b), 23550.5, subd. (a).)  His appointed appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), identifying no issues on appeal and requesting that we independently review the record to determine whether there are any arguable issues.  Defendant submitted a supplemental brief raising numerous contentions, which we address below.  We reject defendant's contentions and, after independently reviewing the record, find no arguable issues.  We therefore affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

On August 19, 2020, defendant was driving a vehicle that collided with another vehicle in a grocery store parking lot.  Calvin King is the owner of the other vehicle.  King called the police because he believed that defendant was under the influence of alcohol.  Responding officers observed that defendant slurred his speech, had bloodshot eyes, and smelled of alcohol.  Defendant had difficulty keeping his balance and fell twice, which caused injuries to his face and head when he hit the pavement.  The officers arrested defendant and had an ambulance transport him to Good Samaritan Hospital.

At the hospital, a police officer directed a nurse to obtain a blood sample from defendant while defendant was sedated and unable to consent to the blood draw.  The blood draw was taken, given to a police officer, and later tested to show that defendant had a blood-alcohol content of 0.31 percent.  Because of the dubiousness of the admissibility of this evidence, the police (at the request of a prosecutor) obtained a search warrant to Good Samaritan Hospital

for the hospital's medical records concerning defendant's treatment on the day of the incident.

The medical records obtained pursuant to the search warrant revealed evidence of a blood draw taken independent of the draw performed at the police officer's direction. The hospital's testing of that blood draw indicated that defendant had a blood-alcohol content of 0.32 percent.

On April 29, 2022, the district attorney filed an information charging defendant with: driving under the influence of alcohol within 10 years after being convicted of felony driving under the influence (count 1; Veh. Code, §§ 23152, subd. (a), 23550.5, subd. (a)); driving with a .08 percent blood-alcohol content within 10 years after being convicted of felony driving under the influence (count 2; Veh. Code, §§ 23152, subd. (b), 23550.5, subd. (a)); and driving after having his license suspended or revoked as a result of being convicted of driving under the influence, a misdemeanor (count 3; Veh. Code, § 14601.2, subd. (a)). The information further alleged that during the commission of the crime alleged in count 2, defendant had a blood-alcohol concentration of 0.20 percent or more. (Veh. Code, § 23538, subd. (b)(2).)

On April 29, 2022, defendant, representing himself, filed a motion to suppress evidence of his blood-alcohol content pursuant to Penal Code section 1538.5. He asserted that his detention and arrest in the grocery store parking lot was unlawful because he was on private property. He further asserted that there were no exigent circumstances that required the taking of a blood sample without obtaining a warrant.

The district attorney filed an opposition to the motion based in part on the fact that the evidence of defendant's blood-alcohol content the prosecution would rely upon was acquired from the hospital pursuant to a search warrant, and that defendant had not challenged the validity of the warrant.

Prior to the hearing on the motion to suppress, defendant filed a motion challenging the validity of the search warrant and requesting an evidentiary hearing on the issue pursuant to *Franks v. Delaware* (1978) 438 U.S. 154 (*Franks*).[1]

On October 12, 2022, the court held a hearing on the motion to suppress, and denied the motion. The court also found that there was insufficient evidence to hold a *Franks* hearing and denied that request.

On June 30, 2022, while his motion to suppress was pending, defendant filed a motion to dismiss the information on the ground that the one-year statute of limitations generally applicable to misdemeanors (Pen. Code, § 802, subd. (a)) bars prosecution of the counts alleged against him. After a hearing held on August 12, 2022, the court denied the motion as to counts 1 and 2, and granted the motion as to count 3.

On October 28, 2022, defendant pleaded no contest to count 2 and stipulated to a factual basis based on the allegations in the information. The court accepted the plea, found defendant guilty as charged on count 2, dismissed the remaining count and allegations, and sentenced defendant to prison for 16 months. The court also imposed a restitution fine and certain assessments.

Defendant timely appealed. Our record does not indicate that he sought or obtained a certificate of probable cause under Penal Code section 1237.5.

---

[1] Under *Franks*, "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." (*Franks, supra,* 438 U.S. at pp. 155–156.)

# DISCUSSION

## A.    Compliance with *Wende*

Pursuant to *Wende*, we have reviewed the record to determine whether there is any arguable issue and conclude that defendant's counsel has fully complied with her responsibilities and that no arguable appellate issues exist.  (*Wende, supra,* 25 Cal.3d at p. 441.)

We now turn to the contentions defendant asserts in his supplemental brief.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 124.)

## B.    Statute of Limitations

Defendant contends that the court erred in denying his motion to dismiss counts 1 and 2 of the information on the ground that the counts were barred by the one-year statute of limitations under Penal Code section 802, subdivision (a).  Defendant did not request or obtain a certificate of probable cause under Penal Code section 1237.5.  He cannot, therefore, challenge his conviction on statute of limitations grounds.  (See *People v. Smith* (1985) 171 Cal.App.3d 997, 1001.)  Even if the argument is cognizable on appeal, it is without merit.

With some exceptions not applicable here, Penal Code section 802, subdivision (a) provides a one-year limitations period for offenses that are "not punishable by death or imprisonment in the state prison or pursuant to subdivision (h) of Section 1170 [of the Penal Code]."  For offenses that are "punishable by imprisonment in the state prison or pursuant to subdivision (h) of Section 1170 [of the Penal Code]," the statute of limitations is, generally, three years.  (Pen. Code, § 801.)  For purposes of determining the applicable statute of limitations, an "offense is deemed punishable by the maximum punishment prescribed by statute for the offense, regardless of the punishment actually sought or imposed."  (Pen. Code, § 805, subd. (a).)

Counts 1 and 2 of the information filed against defendant allege violations of section 23550.5 of the Vehicle Code, which are "punishable by imprisonment in the state prison" or by "confinement in a county jail for not more than one year" and a fine.  (Veh. Code, § 23550.5, subd. (a).)  Because the maximum punishment prescribed for these offenses is punishable by imprisonment in the state prison, the three-year limitations period provided in Penal Code section 801 applies, not the one-year limitations period provided in Penal Code section 802.

Defendant argues, however, that the punishment prescribed in Penal Code section 23550.5 is an enhancement to the punishment for the misdemeanor crime of driving under the influence; as such, it should not be considered as punishment for purposes of determining the statute of limitations.  (See Pen. Code, § 805, subd. (a) ["[a]ny enhancement of punishment prescribed by statute shall be disregarded in determining the maximum punishment prescribed by statute for an offense"].)  Penal Code section 23550.5, however, defines "a public offense" and prescribes the punishment for that offense; it does not describe an enhancement to the punishment of any other offense.[2]

---

[2] Penal Code section 23550.5 provides:  "A person is guilty of a public offense, punishable by imprisonment in the state prison or confinement in a county jail for not more than one year and by a fine of not less than three hundred ninety dollars ($390) nor more than one thousand dollars ($1,000) if that person is convicted of a violation of Section 23152 or 23153, and the offense occurred within 10 years of any of the following:  [¶]  (1) A separate violation of Section 23152 that was punished as a felony under Section 23550 or this section, or both, or under former Section 23175 or former Section 23175.5, or both.  [¶]  (2) A separate violation of Section 23153 that was punished as a felony.  [¶]  (3) A separate violation of paragraph (1) of subdivision (c) of Section 192 of the Penal Code that was punished as a felony."

### C. Hearsay and Confrontation Rights at Defendant's Motion to Suppress Hearing

Defendant next contends that the court erred in allowing the arresting officer to testify during the hearing on his motion to suppress as to statements the victim, Calvin King, made to the officer at the scene of the parking lot collision. Such statements, he contends, are inadmissible hearsay and their admission into evidence violated his Sixth Amendment right of confrontation under *Crawford v. Washington* (2004) 541 U.S. 36. We disagree. The testifying officer's statements as to what King told him were not offered to prove the truth of King's statements, but rather to determine whether King's statements—regardless of their truth— together with other facts, provided the responding officers with probable cause to arrest defendant. The statements, therefore, are not hearsay and did not implicate the confrontation clause. (See *People v. Gomez* (2004) 117 Cal.App.4th 531, 541–542.)

### D. Denial of Request for Evidentiary Hearing under *Franks*

Defendant next contends that the court erred in denying his request for an evidentiary hearing under *Franks*, *supra*, 438 U.S. 154. We disagree. Under *Franks*, a defendant is entitled to a hearing to determine the veracity of a search warrant affidavit if "the defendant makes a substantial preliminary showing" that (1) the affidavit includes a "false statement" made "knowingly and intentionally, or with reckless disregard for the truth," and (2) "the allegedly false statement is necessary to the finding of probable cause." (*Id.* at pp. 155–156.) The defendant's challenge to the affidavit "must be more than conclusory and must be supported by more than a mere desire to cross-examine [the affiant]. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an

offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. . . . Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." (*Id.* at pp. 171–172; accord, *People v. Lee* (2015) 242 Cal.App.4th 161, 171.)

Here, in support of his request for a *Franks* hearing, defendant points to the following statements or omissions made by the search warrant affiant. First, the affiant stated that defendant was "arrested" on August 19, 2020, for driving under the influence. According to defendant, however, he was not arrested on that day because he was not transported to a police station, "booked for (DUI)," fingerprinted, or subjected to other incidents of being arrested.

Second, the affiant stated that defendant "admitted to driving" and was "identified as operating" a vehicle; that defendant "collided into the witness'[s] parked vehicle in a parking lot"; and "[d]ue to his impairment," defendant fell "upon exiting his vehicle and struck his head on the pavement prior to police arrival." Defendant contends that these statements are false because he was standing in the parking lot and approached the police officer when he fell on the pavement.

Third, defendant asserts that the affiant stated that defendant "was transported by ambulance to Good Samaritan Hospital where [a nurse] obtained [defendant's] blood sample," but the affiant omitted that defendant was sedated during the blood draw and does not indicate the reason for the blood draw.

8

Lastly, defendant points to the affiant's statement that "the arrest report was not clear on whether [defendant] consented to the blood draw," even though the arrest report states that defendant "was sedated while at Good Samaritan Hospital and was therefore unable to provide consent to take a blood sample."

Defendant's assertions are insufficient to support an evidentiary hearing under *Franks*. Defendant has not established that any of the statements or omissions he points to constitutes a knowing and intentional falsehood or were made with reckless disregard for the truth. Even if this requirement was met, defendant has failed to show that if the offending statements were excluded and the omissions cured, that the affidavit was insufficient to support a finding of probable cause. (See *Franks*, *supra*, 438 U.S. at pp. 171–172.)

### E.    Search Warrant for Misdemeanor Offense

Defendant further contends that a search warrant cannot be issued for a misdemeanor offense. The search warrant in this case, however, was issued on the ground that the property it sought from Good Samaritan Hospital includes "evidence that tends to show a felony has been committed, or tends to show that a particular person has committed a felony"—a ground authorized by Penal Code, section 1524, subdivision (a)(4). The fact that the police initially investigated the matter as a misdemeanor does not prevent law enforcement from thereafter pursuing the matter as a felony.

### F.    Physician-Patient Privilege

Lastly, defendant contends that the search warrant is invalid because his medical records are protected from disclosure under a physician-patient privilege. California's physician-patient privilege, however, does not apply in criminal proceedings. (Evid. Code, § 998.)

9

**DISPOSITION**

The judgment is affirmed.

<u>NOT TO BE PUBLISHED</u>.


ROTHSCHILD, P. J.

We concur:


CHANEY, J.


BENDIX, J.